UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JAMES R. WATERS, )
 )
 *Plaintiff*, )
 )
v. ) No.: 4:11-cv-31
 ) *Judge Mattice*
 )
STEVE GRAVES and )
PAM FREEMAN, )
 )
 *Defendants*. )

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 7] will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**.

I.  Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   Factual Background

Plaintiff's complaint challenges numerous conditions of confinement in the Coffee County Jail, which is located in Manchester, Tennessee. He seeks compensatory and punitive damages. The defendants are Coffee County Sheriff Steve Graves and Jail Administrator Pam Freeman.

In the body of his complaint, plaintiff states as follows: "The Plaintiff is a pretrial detainee being held under the defendants [sic] control. The plaintiff's present address is: James R. Waters, 420 Wilton Circle, Winchester, TN 37398." [Court File No. 2, Complaint, p. 2]. The hand-written return address on the envelope in which plaintiff mailed his complaint is 420 Wilton Circle, Winchester TN 37398. [*Id*., Attachment 1]. In addition, in his application for leave to proceed *in forma pauperis*, plaintiff states that he is being held at "420 Wilton Circle, Winchester, TN, 37398." [Court File No. 1, Application, p. 1]. Likewise, the hand-written return address on the envelope in which plaintiff mailed his application is 420 Wilton Circle, Winchester TN 37398. [*Id*., Attachment 1].

The Franklin County Jail, not the Coffee County Jail, is located at 420 Wilton Circle in Winchester, Tennessee. The defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted, because there is no allegation in the complaint that plaintiff is or was confined in the Coffee County Jail.

III. Discussion

The court has carefully reviewed plaintiff's complaint. Although he alleges that numerous conditions inside the Coffee County Jail violate the constitutional right against cruel and unusual punishment, plaintiff never specifically states that he is in the Coffee County Jail or otherwise subject to the unconstitutional conditions, other than one brief allegation on page eight of the complaint "that he is confined to the Coffee County Jail cell 24 hours each day, 7 days per week." [Court File No. 2, Complaint, p. 8]. As noted, however, plaintiff states more than once that he is confined in a facility at 420 Wilton Circle in Winchester, Tennessee, which is the address for the Franklin County Jail.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). He must also demonstrate that he received an actual injury based upon a defendant's unconstitutional conduct. *See, e.g.,* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

3

emotional injury suffered while in custody without a prior showing of physical injury.");

*Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("We have indicated that even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be more than *de minimis* for an Eighth Amendment claim to go forward.").

Under the circumstances, plaintiff has failed to state a claim for relief against defendants Steve Graves and Pam Freeman. According to the complaint, plaintiff is confined in the Franklin County Jail. Thus, he cannot demonstrate that he was injured by the conduct of the individuals who are in charge of the Coffee County Jail.

IV. Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

          */s/Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE